IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG DUONG NGUON,

          Petitioner,               No. 2:11-cv-0046 JFM (PC)

    vs.

TIM V. VIRGA,

          Respondent.        <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a civil action on the form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        For the reasons set forth <u>infra</u>, this action must be construed as a civil rights action pursuant to 42 U.S.C. § 1983.  Should petitioner proceed further with this action, he will incur a liability for the full amount of the $350.00 filing fee for a § 1983 action.  <u>See</u> 28 U.S.C. § 1915(b).  Petitioner has not filed his application for leave to proceed in forma pauperis on the form used by this district.  Use of the form assists petitioner to establish and the court to evaluate petitioner's in forma pauperis status in light of 28 U.S.C. § 1915 (b)(1) and (2).  Accordingly, petitioner's application will be dismissed and plaintiff will be provided the opportunity to submit the application on the appropriate form.  Petitioner is cautioned that he must also provide a

1   certified copy of his prison trust account statement for the six month period immediately

2   preceding the filing of his complaint.

3          In the petition, petitioner alleges that his rights under the Eighth Amendment are

4   being violated at California Medical Staff because he does not have a light switch in his cell and

5   at various times correctional officers leave the light on in his cell all day, causing plaintiff to

6   suffer sleep deprivation, while other officers sometimes leave the light off all day leaving the cell

7   in complete darkness.

8          A petition for writ of habeas corpus is available for challenges to the fact or

9   duration of prison confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  On the

10  other hand, challenges to the conditions of prison confinement are not cognizable in habeas

11  corpus and must be raised under the federal civil rights statute, 42 U.S.C. § 1983.  See Badea v.

12  Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Petitioner's claims must be raised, if at all in a § 1983

13  action.  Because petitioner has filed his original pleading on a form habeas corpus petition, it will

14  be dismissed.  The court will, however, grant leave to file a civil rights complaint.

15         If petitioner chooses to file a civil rights complaint, he must demonstrate how the

16  conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v.

17  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

18  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

19  is some affirmative link or connection between a defendant's actions and the claimed

20  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

21  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

22  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

23  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24         In addition, petitioner is informed that the court cannot refer to a prior pleading in

25  order to make the amended complaint complete.  Local Rule 220 requires that an amended

26  complaint be complete in itself without reference to any prior pleading.  This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once petitioner files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  This action is construed as a civil rights action pursuant to 42 U.S.C. § 1983 and the Clerk of the Court is directed to change the docket accordingly;

2.  Petitioner's application to proceed in forma pauperis is dismissed without prejudice;

3.  The Clerk of the Court is directed to send petitioner a new Application to Proceed In Forma Pauperis By a Prisoner and a form civil rights complaint and accompanying instructions;

4.  Petitioner shall submit, within thirty days from the date of this order, a completed application to proceed in forma pauperis.  Failure to comply with this order may result in the dismissal of this action without prejudice.

5.  Petitioner's original pleading is dismissed.

4.  Within thirty days from the date of this order, petitioner shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint.

Petitioner's amended complaint shall be prepared on the form provided with this order and shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to

/////

/////

/////

3

1    this case and must be labeled "Amended Complaint"; failure to file an amended complaint in

2    accordance with this order may result in the dismissal of this action.

3    DATED: January 31, 2011.

4

5                           UNITED STATES MAGISTRATE JUDGE

6

7

    12

8    nguo0046.14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1
2
3
4
5
6
7
8                  IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10    HUNG DUONG NGUON,

11              Petitioner,                    No. 2:11-cv-0046 JFM (PC)

12        vs.

13    TIM V. VIRGA,                            NOTICE OF AMENDMENT

14              Respondent.

15    _____/

16            Petitioner hereby submits the following document in compliance with the court's

17    order filed _____:

18                    _____ Complete In Forma Pauperis Application

19                    _____ Amended Complaint

20    DATED:

21
22                                      _____

23                                      Petitioner

24
25
26